**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS SANDS CORP., a Nevada corporation, ) ) ) Plaintiff, ) ) vs. ) ) MARTIN MIR, an individual, ) ) Defendant. ) ) | Case No.: 2:15-cv-00990-GMN-VCF **ORDER** |

Pending before the Court are the *ex parte* Motion for Temporary Restraining Order (ECF No. 3) and *ex parte* Motion for Preliminary Injunction (ECF No. 4) filed by Las Vegas Sands Corp. ("Plaintiff") on May 29, 2015. Plaintiff has alleged that Martin Mir ("Defendant") has, *inter alia*, committed cybersquatting and trademark infringement through the operation of two websites bearing the domain names of <www.venetian-lasvegas.com> and <www.thevenetian-macau.com>. (Complaint, ECF No. 1).

In order to succeed on its motion, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

In the Ninth Circuit, "actual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action." *Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013). Accordingly, while "loss of control over business reputation and damage to goodwill could constitute irreparable harm," a

court's finding of such harm cannot be "grounded in platitudes rather than evidence." *Id.* at 1250.

Here, Plaintiff has failed to present any evidence with their motions showing irreparable harm. Instead Plaintiff merely argues that

> Defendant's unauthorized use of Las Vegas Sands' VENETIAN Marks on the Accused Domain Names and on the websites to provide hotel reservation services constitute a gross loss of control over Las Vegas Sands' reputation and goodwill because Las Vegas Sands may now be seen by the consuming public as having approved of, authorized, affiliated itself with, or sponsored Defendant's hotel reservation services when, in fact, it has not.

(Mot. for TRO 24:1–5, ECF No. 3). "[S]peculation on future harm, [however,] does not meet the standard of showing 'likely' irreparable harm." *Herb Reed Enterprises*, 736 F.3d at 1250. Currently, there is no showing before the Court that Plaintiff has been harmed in the way it alleges in its motions. The Court cannot grant these motions without such a showing. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) and Motion for Preliminary Injunction (ECF No. 4) are **DENIED without prejudice**.

**DATED** this 2nd day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge