Michael J. McCue (NV Bar No. 6055)
MMcCue@LRRLaw.com
Jonathan W. Fountain (NV Bar No. 10351)
JFountain@LRRLaw.com
Meng Zhong (NV Bar No. 12145)
MZhong@LRRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Tel: (702) 949-8200
Fax: (702) 949-8398

*Attorneys for Plaintiff*
*Las Vegas Sands Corp.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS SANDS CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN MIR, an individual,<br><br>Defendant. | Case No. 2:15-cv-00990-GMN-VCF<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO SERVE SUBPOENA AND FOR SERVICE BY OTHER MEANS** |

Plaintiff Las Vegas Sands Corp. ("Plaintiff" and/or "Las Vegas Sands") respectfully moves the Court for entry of an order permitting Las Vegas Sands to serve Defendant Martin Mir ("Defendant" and/or "Mir") by email.

**PRELIMINARY STATEMENT**

Las Vegas Sands, a publicly traded Fortune 500 company, is the leading global developer of destination properties that feature premium accommodations, world-class gaming and entertainment, convention and exhibition facilities, celebrity chef restaurants, and many other amenities.

Las Vegas Sands brings this action against Mir, an individual believed to be residing in Dubai, United Arab Emirates, for using Las Vegas Sands' world famous VENETIAN Marks (defined below), in the domain names for <www.venetian-lasvegas.com> and <www.thevenetian-macau.com> (the "Accused Domain Names") to falsely affiliate the Accused Domain Names with Las Vegas Sands and its properties located in Las Vegas, Nevada, and in

Macao, China, and to unlawfully and in bad faith advertise, promote, and provide hotel-reservation services using Las Vegas Sands' federally registered trademarks. The Complaint alleges causes of action against Mir for cybersquatting, trademark infringement, false designation of origin, and dilution under the Lanham Act, 15 U.S.C. §§ 1114(a), 1125(a)(1)(A), 1125(c) and 1125(d), as well as causes of action for common law trademark infringement and common law unfair competition. Las Vegas Sands seeks permanent injunctive relief, as well as damages, attorneys' fees, and costs.

Las Vegas Sands has attempted to obtain Mir's physical and email addresses so that it can serve the Summons and Complaint upon Mir. However, Las Vegas Sands has not been able to obtain this information for among other reasons, the fact that Mir's physical and email addresses are not listed in the WHOIS records for the Accused Domain Names.

Accordingly, by and through this motion, Las Vegas Sands respectfully requests the following relief:

A. Entry of an order granting Las Vegas Sands leave to serve a subpoena upon Ascio Technologies, Inc., the registrar of the Accused Domain Names, for the purpose of obtaining Mir's contact information (*i.e.*, his email and physical addresses) so that he may be served with the Summons, Complaint, and all other papers in this action; and

B. Entry of an order permitting Las Vegas Sands to serve the Summons, Complaint, and all other papers upon Mir by email to the registrant email address Mir provided to Ascio Technologies, Inc. ("Ascio Technologies") when he registered Accused Domain Names.

This motion is based on the following memorandum of points and authorities, upon the previously filed Declaration of Dave Horton and the exhibits thereto (ECF No. 3-1, the "Horton Decl."), the previously filed Declaration of Meng Zhong and the exhibits thereto (ECF No. 3-7, the "Zhong Decl."), the pleadings and other papers on file in this case, and any oral argument the Court may require or allow.

///

///

///

# STATEMENT OF FACTS

## Las Vegas Sands and Its World Famous Trademarks

Las Vegas Sands is a world famous Fortune 500 company that is publicly traded on the New York Stock Exchange. (Horton Decl. ¶ 3.) Las Vegas Sands is the leading global developer of destination resort properties that feature premium accommodations, world-class gaming and entertainment, convention and exhibition facilities, celebrity chef restaurants, and many other amenities. (*Id.*) Las Vegas Sands' properties include The Venetian, The Palazzo, and The Sands Expo and Convention Center in Las Vegas, Nevada; Sands Bethlehem in Bethlehem, Pennsylvania; and Marina Bay Sands in Singapore. (*Id.*) Through its 70.2% ownership of Sands China, Ltd., Las Vegas Sands also owns and operates The Venetian Macao, Sands Macao, Four Seasons Hotel Macao, and Sands Cotai Central in Macao. (*Id.*)

The Venetian is a luxury hotel and casino resort on the Las Vegas Strip ("The Venetian Las Vegas"). (Horton Decl. ¶ 4.) The resort opened for business on May 3, 1999 and was built at a cost of $1.5 billion. (*Id.*) The Venetian Las Vegas is one of the ten largest hotels in the world. (*Id.*) The resort has more than 4,000 suites situated in a 35-story three-wing tower, and a 120,000 square foot casino with approximately 110 table games and 1,370 slot machines, among other amenities. (*Id.*) Las Vegas Sands maintains a website at <venetian.com> through which it, among other things, provides information and accepts hotel room reservations. (*Id.*)

The Venetian Macao is a 40-story, $2.4 billion property on the Cotai Strip. The 10,500,000 square foot resort is the largest single structure hotel building in Asia, one of the largest buildings in the world by area, and the largest casino in the world. (Horton Decl. ¶ 5.) The resort opened on August 28, 2007. (*Id.*) The resort has 3,000 suites and a 550,000 square foot casino with 3,400 slot machines and 800 gambling tables, among other amenities. (*Id.*) The Venetian Macao maintains a website at <venetianmacao.com> through which it, among other things, provides information and accepts hotel room reservations. (*Id.*) The Venetian Las Vegas and The Venetian Macao shall be collectively referred to as the "Venetian Properties."

Las Vegas Sands has spent millions of dollars to promote and advertise the VENETIAN trademarks in print and broadcast media, and on the Internet, including through the

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

-3-

6288854_1

aforementioned websites located at <venetian.com> and <venetianmacao.com>. (Horton Decl. ¶ 6.)  The <venetian.com> and <venetianmacao.com> websites are vital to Las Vegas Sands' business as its customers are geographically diverse and the websites offer online hotel bookings, including exclusive hotel packages, for Las Vegas Sands' guests.  Hotel bookings are an important source of revenue for Las Vegas Sands. (*Id.*)  As a result of its longstanding and prominent use of the VENETIAN trademark in commerce in connection with the Venetian Properties, Las Vegas Sands has developed common law trademark rights in the VENETIAN trademark. (*Id.*)

In addition to its common law rights, Las Vegas Sands owns trademark registrations for the VENETIAN trademark worldwide.  In the United States, Las Vegas Sands' federal trademark registrations include the following:

| TRADEMARK | REG. NO. | DATE OF FIRST USE | GOODS/SERVICES |
|---|---|---|---|
| THE VENETIAN | 2,295,362 | 11/30/1997 | Making hotel reservation for others |
| THE VENETIAN | 2,411,053 | 5/4/1999 | Hotels, [ restaurants, ] hotel concierge services, bar services, [ security guard services, beauty salons, health spas, massage, ] catering services, providing facilities for conventions, banquets, social functions, fund raising, and special events |
| THE VENETIAN | 2,427,621 | 5/4/1999 | Retail stores services, located within shopping arcades and alone, featuring a variety of goods, namely general merchandise, souvenirs, novelty items, gift items, clothing, clothing accessories, jewelry, toys, sporting goods, stationery products, books, [ videos, ] fragrances, personal care products, [ cosmetics, ] housewares, art, foods and beverages |
| THE VENETIAN | 2,507,362 | 5/4/1999 | Casino and gaming services; providing casino and gaming facilities; entertainment, namely, live musical performances, theatrical productions and comedy productions; health clubs; [ amusement centers and arcades; ] providing casino [ and gaming ] services by means of web sites and a global computer network |
| THE VENETIAN | 4,009,663 | 5/31/1999 | Race and Sports Book Wagering |

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

6288854_1

| TRADEMARK | REG. NO. | DATE OF FIRST USE | GOODS/SERVICES |
|---|---|---|---|
|  |  |  | Services |
| THE VENETIAN LAS VEGAS | 3,429,877 | 3/27/2007 | Mugs; plastic water bottles sold empty; decorative earthenware, namely, plates for kitchens and table use; shot glasses |
| THE VENETIAN LAS VEGAS | 3,434,548 | 3/29/2007 | Metal key chains, key fobs, key holders, key rings and sculptures; figurines and figures of common metal; pewter figurines |
| THE VENETIAN LAS VEGAS | 3,494,770 | 3/29/2007 | T-shirts; polo shirts; golf shirts; tank tops; pullovers; skirts; robes; rainwear; jackets; wind resistant jackets; sweatshirts; sweatpants |
| THE VENETIAN LAS VEGAS | 3,519,013 | 3/29/2007 | Plush toys; plush animals; stuffed toys; stuffed animals; play figures; plastic toy figurines; snow globes; toy music boxes |
| THE VENETIAN RESORT HOTEL CASINO | 2,350,633 | 5/4/1999 | Casino and gaming services; gaming facilities; entertainment, namely, live musical performances, theatrical productions and comedy; sporting events; health clubs; amusement centers and arcades; providing casino and gaming services by means of web sites and a global computer network |
| THE VENETIAN RESORT HOTEL CASINO | 2,411,455 | 5/4/1999 | Hotels, [ restaurants, ] hotel concierge services, bar services, [ security guard services, beauty salons, health spas, massage, ] catering services; providing facilities for conventions, banquets, social functions, fund raising, and special events |
| THE VENETIAN RESORT HOTEL CASINO | 2,427,241 | 5/4/1999 | Retail stores services, located within shopping arcades and separate therefrom, featuring a variety of goods, namely general merchandise, souvenirs, novelty items, gift items, clothing, clothing accessories, jewelry, toys, sporting goods, stationery products, books, [ videos, ] fragrances, personal care products, [ cosmetics, ] housewares, art, foods and beverages |
| VENETIAN | 2,322,513 | 5/4/1999 | Entertainment shows, namely, musical, magic, nightclub acts, glass blowing exhibitions, miming and revues |
| VENETIAN | 2,326,994 | 5/4/1999 | Hotel and retail gift store services featuring clothing, art, jewelry, |

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

| TRADEMARK | REG. NO. | DATE OF FIRST USE | GOODS/SERVICES |
|---|---|---|---|
| | | | housewares and similar goods |
| VENETIAN | 2,411,454 | 5/4/1999 | Hotels, [ restaurants, ] hotel concierge services, bar services, [ security guard services, beauty salons, health spas, massage, ] catering services, providing facilities for conventions, banquets, social functions, fund raising, and special events. |
| VENETIAN | 2,427,247 | 5/4/1999 | Retail stores services, located within shopping arcades and alone, featuring a variety of goods, namely, general merchandise, souvenirs, novelty items, gift items, clothing, clothing accessories, jewelry, toys, sporting goods, stationery products, books, [ videos, ] fragrances, personal care products, [ cosmetics, ] housewares, art foods and beverages. |
| VENETIAN | 2,507,363 | 5/4/1999 | Casino and gaming services; providing casino and gaming facilities; entertainment, namely, live musical performances, theatrical productions and comedy productions; health clubs; amusement centers and arcades; providing casino and gaming services by means of web sites and a global computer network |
| VENETIAN | 3,388,494 | 3/29/2007 | Wedding chapel services |
| VENETIAN | 3,388,495 | 3/29/2007 | T-shirts; polo shirts; golf shirts; tank tops; pullovers; skirts; belts; hats; caps; rainwear; jackets; wind resistant jackets; robes |
| VENETIAN | 3,425,991 | 7/19/2007 | Local and long distance telephone services; providing telephone conferencing services; telephone voice messaging services; facsimile transmission and retrieval services; wireless broadband communication services |
| VENETIAN | 3,429,886 | 3/29/2007 | Promoting the sale of credit card accounts by the administration of incentive point awards program for customers; contests and incentive award programs to promote the sale of products and services of others; customer loyalty services and customer club services, for commercial, promotional and/or advertising purposes |

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

| TRADEMARK | REG. NO. | DATE OF FIRST USE | GOODS/SERVICES |
|---|---|---|---|
| VENETIAN | 3,434,543 | 3/29/2007 | Cologne; perfumes |
| VENETIAN | 3,434,544 | 3/29/2007 | Decorative magnets; cases for mobile phones; reading glasses |
| VENETIAN | 3,434,545 | 3/29/2007 | Pens; pencils; photograph albums; paperweights; desktop business card holders; letter openers; note cards; postcards |
| VENETIAN | 3,434,546 | 3/29/2007 | Beverage glassware, mugs; stemware; beverage ware; decorative earthenware, namely, earthenware plates for kitchens and table use; plastic water bottles sold empty; statuettes of glass; cork screws; non-metal piggy banks; hip flasks; compacts sold empty; powder compacts sold empty |
| VENETIAN | 3,434,547 | 3/29/2007 | Currency exchange services, safe deposit box services |
| VENETIAN | 3,475,017 | 3/29/2007 | Jewelry; Lapel pins |
| VENETIAN | 3,475,018 | 3/29/2007 | Tote bags; luggage tags |
| VENETIAN | 3,483,720 | 3/31/1999 | Retail florist shop featuring e-mail or phone-in orders; Floral decoration services and floral design services for weddings and special events |
| VENETIAN | 3,487,494 | 7/16/2007 | Roll bags; purses; small purses; clutch bags |
| VENETIAN | 3,507,268 | 7/16/2007 | Potato chips; processed nuts |
| VENETIAN | 3,523,265 | 3/29/2007 | Plush toys; plush animals; stuffed toys; stuffed animals; play figures; plastic toy figurines; toy banks; dice; playing cards; snow globes; golf bag tags; Christmas tree ornaments; toy music boxes |

Las Vegas Sands' federal trademark registrations and common law rights shall be collectively referred to as the "VENETIAN Marks." (Horton Decl. ¶ 7 & Ex. A.)

Las Vegas Sands uses the VENETIAN Marks in commerce in connection with advertising and promoting its resort hotel properties and its casino services in the United States and around the world. (Horton Decl. ¶ 8.)

Based on its federal trademark registrations, extensive use, and common law rights, Las Vegas Sands owns the exclusive right to use the VENETIAN Marks in commerce in connection with hotel, casino, and related services and goods. (Horton Decl. ¶ 9.)

1    The VENETIAN Marks have become distinctive and famous in the United States and
2 around the world for, among others, resort hotel and casino services due to the significant and
3 continued investment by Las Vegas Sands. (Horton Decl. ¶ 10.)

4    **Defendant and His Unlawful Conduct**

5    Martin Mir is the registered owner of the domain names <www.venetian-lasvegas.com>
6 and <www.thevenetian-macau.com> ("Accused Domain Names"). (Zhong Decl. ¶ 5 & Ex. B.)
7 The Accused Domain Names are maintained through Ascio Technologies, Inc., a domain name
8 registrar based in Denmark. (*Id.*) Mir registered the Accused Domain Names without the
9 knowledge or consent of Las Vegas Sands. (Horton Decl. ¶ 11.)

10    Mir uses the Accused Domain Names in connection with websites that purport to allow
11 visitors to compare hotel rates for rooms in Las Vegas and Macao. (Horton Decl. ¶ 12.) Mir's
12 websites actively mislead consumers into believing that the websites are owned by Las Vegas
13 Sands or are affiliated with, sponsored by, or approved by Las Vegas Sands or the Venetian
14 Properties. (*Id.*)

15    The website <www.venetian-lasvegas.com> states it is the "Official" Vegas Promotion
16 Booking Site:



28 (Horton Decl. ¶ 13 & Ex. B.)

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

6288854_1

1   The <www.venetian-lasvegas.com> website states the following misleading "welcome"
2   message:

> Welcome to The Venetian Casino Hotel & Resort! A luxury hotel and casino resort situated on the east side of the Las Vegas Strip, the hotel tower contains 40 stories and rises 475 feet (145 m). The Venetian Resort has its own canal where guests can take gondola rides among streets lined with various shops and live performers. The Venetian is owned and operated by the Las Vegas Sands Corporation.

(Horton Decl. ¶ 14.)

At no point on the main page for <www.venetian-lasvegas.com> does the website indicate that <www.venetian-lasvegas.com> is not sponsored by, approved by, or affiliated with The Venetian in Las Vegas or Plaintiff. (At the bottom of the home page of the website at <www.venetian-lasvegas.com>, Mir included a link labeled "disclaimer" in small font. When a user clicks on the link, another webpage is opened, stating:

> Disclaimer
>
> Venetian-lasvegas.com site consists mainly of links to sites that cater for online travel bookings, hotel information and hotel review sites and as such these sites are out of our control and therefore the content could change without our knowledge.
>
> We at Venetian-lasvegas.com.com [*sic*] therefore can bear no responsibility for any information, or content once the Venetian-lasvegas.com site has been left.
>
> We make every endeavour to ensure that the sites we have chosen are reputable and of a high standard, and have implemented a monitoring policy to ensure that this remains the case. Please do not hesitate to contact us if you find one of our direct links leads to a site that does not fit this criteria.
>
> Should you attempt to purchase any product as a result of following a link from this site, we cannot be held liable under any circumstance for the goods, services or information you contract to buy. Nor can we be held responsible for refunds or bad debt.
>
> ***We are not affiliated with The Venetian Hotels & Resorts or Sands Hotels & Resorts***
>
> Content posted on Venetian-lasvegas.com and comments posted about stories or articles on Venetian-lasvegas.com are the responsibility of the person who posted them. Venetian-lasvegas.com is not responsible for any content that would be prohibited by law in the applicable jurisdiction, and will delete any content deemed unlawful. If you feel that inappropriate content (violation of intellectual

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-9-

6288854_1

property rights, copyright infringement, etc.) has been posted on Venetian-lasvegas.com, please contact us and we will respond promptly and take action.

***The Venetian Logo are trademarks of The Venetian Hotels & Resorts, registered in the US and other countries***.

Unless otherwise noted, trademarks and copyrights used on this site are owned by their respective owners.  Comments on Venetian-lasvegas.com are owned by the people who posted them.

Everything else, © 2007-2014 venetian-lasvegas.com

(Horton Decl. ¶ 15 & Ex. C.)  (Emphasis added.)

Mir's disclaimer is not located on the main page of the website, is not clear and conspicuous, and is not sufficient to avoid confusion among or deception of consumers as to the source or origin of Mir's services or as to an affiliation, relationship, or connection between Mir and Las Vegas Sands.  (Horton Decl. ¶ 16.)

Mir has engaged in similar conduct using the <thevenetian-macau.com> domain name. The website <www.thevenetian-macau.com> states that it is the "Official" Macau Promotion Booking Site:



(Horton Decl. ¶ 17 & Ex. D.)

The <www.thevenetian-macau.com> includes the following misleading "welcome" message:

Welcome to The Venetian Macau Hotel & Resort - A luxury hotel and casino

> resort situated on in [*sic*] the Cotai area, Macau's leading leisure destination, combining electrifying entertainment with more ways to win more, world-class accommodations, international dining and designer shopping and much more. The Venetian Macao is owned and operated by the Sands Corporation.

(Horton Decl. ¶ 18.)

At the bottom of the home page of the website at <thevenetian-macao.com>, Mir included a link labeled "disclaimer" in small font. When a user clicks on the link, another webpage is opened, containing a disclaimer nearly identical to the disclaimer located on the <venetian-lasvegas.com> website. (Horton Decl. ¶ 19 & Ex. E.) However, the disclaimer is not on the main page of the website, is not clear and conspicuous, and is not sufficient to avoid confusion among or deception of consumers as to the source or origin of Mir's services or as to an affiliation, relationship, or connection between Mir and Las Vegas Sands or the Venetian Properties. (*Id.*)

Neither Las Vegas Sands nor the Venetian Properties has consented to, approved, or authorized Mir's use of the VENETIAN Marks in the Accused Domain Names or on the associated websites. (Horton Decl. ¶ 23.) Indeed, Mir's use of the VENETIAN Marks in connection with the Accused Domain Names detracts from Plaintiff's websites for the Venetian Properties, and harms one of Plaintiff's important sources of revenue, hotel bookings.

Mir's conduct is willful. Mir registered and is using the Accused Domain Names, each of which contains the VENETIAN trademark coupled with the geographic locations of the Venetian Properties, namely, Las Vegas and Macao. Mir is using the Accused Domain Names for websites that purport to be "official" websites and that "welcome" consumers to the Venetian Properties. (Exs. B & D to Horton Decl.)

In addition to deceptively registering the Accused Domain Names, Mir, a notorious cybersquatter, has registered numerous other domain names containing the trademarks of famous hotels and casinos in Las Vegas, Nevada, none of which, on information and belief, have given him permission or license to do so. Examples including the following:

- www.aria-lasvegas.com,
- www.bellagio-vegas.com,

Lewis Roca Rothgerber LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

6288854_1

- www.caesarspalacevegas.com,
- www.goldennugget-lasvegas.com,
- www.luxor-lasvegas.com,
- www.mandalaybay-lasvegas.com,
- www.mgmgrand-lasvegas.com,
- www.mirage-lasvegas.com,
- www.montecarlo-lasvegas.com,
- www.newyorknewyorkvegas.com, and
- www.tropicana-lasvegas.com.

(Zhong Decl. ¶ 6 & Ex. B.)

Additionally, Mir has been a defendant in at least two World Intellectual Property Organization ("WIPO") cases in which he was ordered to transfer ownership of domain names that contained the trademarks of well-known hotels, such as the Westin Hotel (WIPO Case No. D2013-1806) and Hyatt International (WIPO Case No. D2012-1803). (Zhong Decl. ¶ 7 & Exs. C & D.) In each case, the WIPO panel found that the domain names Mir registered were confusingly similar to the famous hotel names, that Mir had no legitimate or fair use defense to registering the domain names, and that his actions were in bad faith and an attempt to exploit the goodwill of the hotels and attract Internet users to his websites for commercial gain. (*Id.*)

The VENETIAN Marks are embodiments of the substantial goodwill and excellent reputation Las Vegas Sands and its predecessors have developed as a premier provider of entertainment and casino services. (Horton Decl. ¶ 24.) As a result of Defendant's blatant exploitation of Las Vegas Sands' trademarks without Las Vegas Sands' consent, Las Vegas Sands has lost control over the VENETIAN Marks. (*Id.*) This loss of control over its goodwill and reputation is irreparable and Las Vegas Sands cannot be adequately compensated by an award of money damages alone. (*Id.*)

Accordingly, Defendant's actions have caused and are likely to continue to cause Las Vegas Sands to suffer irreparable harm and injury unless temporarily, preliminarily, and permanently enjoined by the Court. (Horton Decl. ¶ 25.)

# LEGAL STANDARDS

## A. Alternative Service

Rule 4 of the Federal Rules of Civil Procedure governs service upon an individual located in a foreign country. Rule 4(f) provides as follows:

> Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>     (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
>     (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>     (C) unless prohibited by the foreign country's law, by:
>
>         (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
>         (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by **other means** not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). (Emphasis added.)

Pursuant to Rule 4(f)(3), the Court may authorize **other means** of service. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (affirming the propriety of allowing service of process by regular mail and e-mail under Fed. R. Civ. P. 4(f)(3)). The **other means** referenced in Rule 4(f)(3) must comport with constitutional notions of due process; namely, they must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Rule 4(f)(3)'s **other means** provision is an independent basis for service of process and is neither "extraordinary relief" nor a "last resort" to be used only when parties are unable to effectuate service under subsections (f)(1) or (f)(2). *See Rio Properties, Inc.*, 284 F.3d at 1015-16 (a party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief"). "By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Id.*, at 1015 (citing *Forum Fin. Group, LLC v. Harvard College*, 199 F.R.D. 22, 23-24 (D. Me. 2001) (permitting service of process upon a defendant located in Russia by sending the summons and complaint by certified mail to the defendant's attorneys at the New York law firm of Skadden, Arps, Slate, Meagher & Flom LLP)).

"[S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Properties, Inc.*, 284 F.3d at 1014 (citation omitted).

### B.     Expedited Discovery

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). The requesting party must demonstrate good cause for earlier discovery. *See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

## ARGUMENT

### I.   THE COURT SHOULD PERMIT LAS VEGAS SANDS TO SUBPOENA ASCIO TECHNOLOGIES AND SERVE MIR BY EMAIL

Mir is located in Dubai, United Arab Emirates. (Zhong Decl. ¶ 5.) However, Las Vegas Sands does not possess Mir's physical address or his email address (because that information is not listed in the publicly available WHOIS[1] database of domain name registrants) and, therefore,

---

[1] *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1064 n.22 (9th Cir. 2009) ("WHOIS is a publically

1 Las Vegas Sands has been unable to serve Mir with the Summons and Complaint. (*Id*.)
2 Nevertheless, for the following reasons, good cause exists to permit Las Vegas Sands to serve
3 Ascio Technologies with a subpoena to determine Mir's email address and to permit Las Vegas
4 Sands leave to serve Mir by email.

5      First, the United States Court of Appeals for the Ninth Circuit has determined that service
6 of a summons and complaint by e-mail is an effective method of service upon a cybersquatter.
7 *See Rio Properties, Inc.*, 284 F.3d at 1018. Indeed, courts have relied on Rule 4(f)(3) (and its
8 predecessor, Rule 4(i)(1)(E)) in authorizing alternative methods of service including, *inter alia*,
9 service by fax, e-mail, ordinary mail and publication. *Id.*, at 1016; *Absolute Swine Insemination*
10 *Co., (H.K.) Ltd. v. Absolute Swine Insemination Co.*, *LLC*, No. 2:12-cv-00606-KJD-PAL, 2012
11 WL 3536788, at *3 (D. Nev. Aug. 14, 2012) (ordering service by international mail to
12 defendant's residence in the Philippines); *accord Haffner Int'l Mktg. Group, Inc. v. Sahin*, No.
13 2:13-cv-0459-JCM-VCF, 2013 WL 5954379, at *2 (D. Nev. Nov. 5, 2013) (holding that service
14 on a foreign defendant was proper because service through the Hague Convention on the Service
15 of Judicial and Extrajudicial Documents Abroad was "expensive and protracted" and would
16 result in undue delay).

17      Second, Mir was *required* to provide a physical address and an email address to Ascio
18 Technologies – the domain name registrar – when he registered the Accused Domain Names.
19 Ascio Technologies' domain name registration agreement provides as follows:

> [A]ccurate and reliable contact details for Registrant, technical and administrative contacts[,] and shall correct and update the following within seven (7) days of any change during the term of the domain name registration: **full name, postal address, e-mail address, voice telephone number, and fax number** (if available); name of authorized person for contact purposes in the case of an organization, association, or corporation for Registrant, technical and administrative contacts; and the names of the primary and secondary name servers.

25 *See* http://www.ascio.com/ascio-registration-agreement ¶ 4.1 (emphasis added).

26      Third, Mir agreed to receive notices concerning the Accused Domain Names by email.

28 available online database through which users can access information regarding domains, including the registrant's name, address, phone number, and e-mail address").

1   The Ascio Technologies' domain name registration agreement further states that: "Notice to you
2   may be sent to the addresses depicted in your contact details at the date of the notice, including
3   your email-address." *Id.* ¶ 14.1.

4   Fourth, based upon the terms of the domain name registration agreement, Ascio
5   Technologies in is possession of Mir's physical address and email address and could provide that
6   information to Las Vegas Sands if subpoenaed.

7   Fifth, once Ascio Technologies provides Mir's email address, Mir may be served through
8   the email address he provided to Ascio Technologies when he registered the Accused Domain
9   Names.

10   Sixth, due process concerns are satisfied because Mir provided the email address to Ascio
11   Technologies and agreed to receive notices concerning the Accused Domain Names by email.
12   Moreover, confirmation of the email's delivery can be obtained by requesting a delivery receipt
13   when the email is sent.  If the email is undeliverable, the email will be returned with a notice that
14   the email could not be delivered.  Thus, service by email is reasonably calculated to apprise Mir
15   of the pendency of this case and is reasonably calculated to afford Mir an opportunity to appear
16   and present his objections to this action.

17   Seventh, service by email is the only reasonable alternative in this type of case.  The
18   United Arab Emirates is not a signatory to the Hague Convention on Service Abroad of Judicial
19   and Extrajudicial Documents.  This is a fact the Court may easily take judicial notice of. *See*
20   http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (identifying member nations
21   of the convention) (last accessed on August 5, 2015).  In addition, service by traditional means,
22   such as by letters rogatory (which are transmitted through diplomatic channels) is a process that
23   is expensive, exceptionally uncertain and time consuming, inasmuch as service could take
24   several months and possibly a year or more, and may not occur at all.  *See, e.g.,*
25   http://travel.state.gov/content/travel/english/legal-considerations/judicial/service-of-process.html
26   (listing methods of international service).  In contrast, service by email is immediate, receipt can
27   be confirmed, and the email addresses Mir provided to Ascio Technologies is highly reliable
28   because it was required by Ascio Technologies as the preferred and agreed upon means of

1 communicating with Mir concerning the Accused Domain Names.

2      Eighth, Las Vegas Sands is unaware of any international agreement that would prohibit
3 service of the Summons and Complaint by email.

## CONCLUSION

5      Based on the foregoing points and authorities, Las Vegas Sands respectfully prays that
6 the Court grant it the following relief:

7      A.   An order granting Las Vegas Sands leave to serve a subpoena upon Ascio
8 Technologies, Inc., the registrar of the Accused Domain Names, for the purpose of obtaining
9 Mir's contact information (*i.e.*, his email and physical addresses) so that he may be served with
10 the Summons, Complaint, and all other papers in this action; and

11      B.   An order permitting Las Vegas Sands to serve the Summons, Complaint, and all
12 other papers upon Mir by email to the registrant email address Mir provided to Ascio
13 Technologies, Inc. when he registered Accused Domain Names.

14      Dated: this 11th day of August, 2015.

Respectfully submitted,

LEWIS ROCA ROTHGERBER LLP

By: /s/ Jonathan W. Fountain
Michael J. McCue
Jonathan W. Fountain
Meng Zhong
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Tel: (702) 949-8200
Fax: (702) 949-8398

*Attorneys for Plaintiff*
*Las Vegas Sands Corp.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS SANDS CORP., a Nevada corporation,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>MARTIN MIR, an individual,<br><br>　　　　　　　　Defendant. | Case No. 2:15-cv-00990-GMN-VCF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE SUBPOENA AND FOR SERVICE BY OTHER MEANS** |

　　　　Before the Court is Plaintiff's Motion for Leave to Serve Subpoena and for Service by Other Means.

　　　　Plaintiff Las Vegas Sands Corp. ("Las Vegas Sands") brings this action against Defendant Martin Mir ("Mir"), an individual believed to be residing in Dubai, United Arab Emirates, for using Las Vegas Sands' world famous VENETIAN trademarks in the domain names for <www.venetian-lasvegas.com> and <www.thevenetian-macau.com> (the "Accused Domain Names") to falsely affiliate the Accused Domain Names with Las Vegas Sands and its properties located in Las Vegas, Nevada, and in Macao, China, and to unlawfully and in bad faith advertise, promote, and provide hotel-reservation services using Las Vegas Sands' federally registered trademarks.  The Complaint alleges causes of action for cybersquatting, trademark infringement, false designation of origin, and dilution under the Lanham Act, 15 U.S.C. §§ 1114(a), 1125(a)(1)(A), 1125(c) and 1125(d), as well as causes of action for common law trademark infringement and common law unfair competition.  Las Vegas Sands seeks permanent injunctive relief, as well as damages, attorneys' fees, and costs.

　　　　As set forth in its motion, Las Vegas Sands has attempted to obtain Mir's physical and email addresses so that it can serve the Summons and Complaint upon Mir.  However, Las Vegas Sands has not been able to obtain this information because Mir's physical and email addresses are not listed in the publicly available WHOIS records for the Accused Domain Names.

///

1    Accordingly, having considered Las Vegas Sands' motion, and for good cause shown, **IT IS HEREBY ORDERED** that:

   A.   Plaintiff's Motion to Leave to Serve Subpoena and For Service by Other Means is hereby **GRANTED**;

   B.   Plaintiff may serve a subpoena upon Ascio Technologies, Inc. ("Ascio Technologies"), the registrar of the Accused Domain Names, to determine the appropriate physical and email addresses for Mir; and

   C.   Plaintiff may serve the Summons, Complaint, and all other papers required to be served in this action upon Mir by email to the email address provided by Ascio Technologies in response to the subpoena.

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 8-17-2015